(55 App. Div. 528.)

PEOPLE ex rel. O'BRIEN et al. v. KEATING, Commissioner of Highways.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

MANDAMUS—INTERVENTION.

    Where a water company brought mandamus to compel the commissioner of highways to issue a permit to the company to open a street that it might disconnect a pipe supplying certain premises with water on the ground that a former occupant was indebted for water on a contract giving the company a right to disconnect for arrears of rent, it was proper to refuse to allow the then occupant to intervene in the proceedings, he having other remedies at his disposal.

Appeal from special term, New York county.

Mandamus by the people, on the relation of John P. O'Brien and another to James P. Keating, as commissioner of the department of highways of the city of New York, to compel respondent to issue

relators a permit to open a street. From an order denying Henry C. Henderson leave to intervene, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

H. C. Henderson, for appellant.

H. H. Pierce, for respondents.

PER CURIAM. The order denying the application of Henry C. Henderson to intervene as a party defendant in this proceeding was properly made. Without passing upon the question of the power of the court to permit a party to intervene in such a proceeding as this, we think the discretion was properly exercised in this case. Mr. Henderson, as the present occupant of the premises, if he is entitled to be supplied with water by the relators, has a complete remedy to which he may resort; and this proceeding, which is one exclusively between the relators and a city official respecting a duty of the latter under a particular state of facts, can in no way affect or impair Mr. Henderson's right either at law or in equity. The order appealed from must be affirmed, with $10 costs and disbursements.